**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

CLEDIN EMILSON ARREDONDO ESQUIVEL
3823 Saint Victor Street
Baltimore, Maryland 21225

    *Plaintiff*,

     v.

EAST COAST TREE CARE, INC.
11247 Red Lion Road
White Marsh, Maryland 21162

Serve: SHARON CATHERINE SCHMITT
     11247 Red Lion Road
     White Marsh, Maryland 21162

SHARON CATHERINE SCHMITT
11247 Red Lion Road
White Marsh, Maryland 21162

MICHELE MARIE SHECKELLS
11247 Red Lion Road
White Marsh, Maryland 21162

    *Defendants*.

Civil Action No.: 24-0304

**COMPLAINT**

Plaintiff, Cledin Emilson Arredondo Esquivel ("Plaintiff"), brings this action against Defendants, East Coast Tree Care, Inc. ("East Coast"), Sharon Catherine Schmitt ("Schmitt") and Michele Marie Sheckells ("Sheckells"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427 and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiff alleges as follows:

## THE PARTIES

1.      Plaintiff is an adult resident of Baltimore, Maryland. He has been employed by Defendants from June 2021 to the present. At all times relevant to the Complaint, Plaintiff's primary duties involved the climbing and cutting of trees. None of Plaintiff's duties are functions which are exempt from the overtime provisions of the MWHL or the FLSA.

2.      East Coast is a limited liability company organized under the laws of the State of Maryland. It owns and operates a tree care and removal service that primarily does its work in Maryland. East Coast was Plaintiff's "employer" as that term is defined within the FLSA, the MWHL and the MWPCL because, through its agents, owners, managers and officers, it employed the Plaintiff directly, it hired him and it set his rate of pay, it set the terms and conditions of his employment, it set his schedule of work hours and work days, it directed him in the performance of his work, it assigned him work, it maintained his employment records, it paid his wages and it committed the violations of the FLSA, the MWHL and the MWPCL by failing to pay him an overtime premium for his overtime hours and failing to pay him anything at all for some hours of work.

3.      East Coast constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as East Coast had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4.      Schmitt is currently the Vice President and Secretary of East Coast, according to the Maryland Department of Assessments and Taxation website. She is an employer of Plaintiff within the meaning of the FLSA, the MWHL, and the MWPCL because: (1) she is a manager, an owner, officer and member of East Coast, who is significantly involved in East Coast's business operations; (2) she, along with Sheckells, is responsible for creating and enforcing East Coast's policies and procedures governing employee pay, hours of work, and the rates and manner of pay, (3) she, along with Sheckells, had the authority to both hire and fire Plaintiff, (4) she, along with Sheckells, set and approved Plaintiff's rate and manner of pay and established and/or approved his six-day per week work schedule, (5) she, along with Sheckells, controlled the corporate funds which were used to pay Plaintiff and other employees and she could and did allocate funds as profits for her own benefit, (6) she, along with Sheckells, made or approved the decision to engage in the illegal pay practices (primarily failing to pay Plaintiff an overtime premium for his overtime hours) in order to make East Coast more profitable; (7) she, along with Sheckells, maintained Plaintiff's employment records at East Coast's corporate office, (8) she, along with Sheckells, made the decision not to make withholdings from the payments made to Plaintiff and others and, for those payments, not to provide Plaintiff with accurate pay stubs as to the amount or basis for withholdings, as required by Md. Code Ann., Labor & Employment § 3-504, and (9) through lower level managers, she scheduled Plaintiff to work more than 40 hours per week.

5.      Sheckells is an employer of Plaintiff within the meaning of the FLSA, the MWHL, and the MWPCL because: (1) she is a manager, an owner, and an officer of East Coast, who is significantly involved in East Coast's business operations; (2) she, along with Schmitt, is responsible for creating and enforcing East Coast's policies and procedures governing employee pay, hours of work, and the rates and manner of pay, (3) she, along with Schmitt, had the authority

3

to both hire and fire Plaintiff, (4) she, along with Schmitt, set and approved Plaintiff's rate and manner of pay and established and/or approved his six-day per week work schedule, (5) she, along with Schmitt, controlled the corporate funds which were used to pay Plaintiff and other employees and she could and did allocate funds as profits for her own benefit, (6) she, along with Schmitt, made or approved the decision to engage in the illegal pay practices (primarily failing to pay Plaintiff an overtime premium for his overtime hours) in order to make East Coast more profitable; (7) she, along with Schmitt, maintained Plaintiff's employment records at East Coast's corporate office, (8) she, along with Schmitt, made the decision not to make withholdings from the payments made to Plaintiff and others and, for those payments, not to provide Plaintiff with accurate pay stubs as to the amount or basis for withholdings, as required by Md. Code Ann., Labor & Employment § 3-504, and (9) through lower level managers, she scheduled Plaintiff to work more than 40 hours per week.

## SUBJECT MATTER JURISDICTION

6.      The Court has subject matter jurisdiction based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217 because Plaintiff's claims involve federal questions, and the Court has pendant jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

## PERSONAL JURISDICTION

7.      This Court has personal jurisdiction over East Coast under Maryland's Long Arm Statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 because, throughout the relevant period, East Coast was licensed to do business in the State of Maryland, its corporate headquarters was in Maryland, and it regularly transacted business or performed work or services in Maryland. *See* § 6-103 (b)(1). In addition, Plaintiff's cause of action arises out of (or relates to) East Coast's contacts with the State of Maryland, because during the time Plaintiff was working for East Coast in

Maryland, it violated the FLSA, the MWHL and the MWPCL by failing to pay Plaintiff an overtime premium for his overtime hours and failing to pay him anything at all for some hours of work.

8.      This Court also has personal jurisdiction over Schmitt and Sheckells, because directly, and through agents of East Coast, they transacted business in Maryland and/or performed work or services in Maryland, by owning and operating a tree care and removal service in Maryland. In addition, Plaintiff's cause of action arises out of (or relates to) Schmitt's and Sheckells' direct contacts with the State of Maryland, because during the time Plaintiff was working for East Coast in Maryland, Schmitt and Sheckells, as employers, violated the FLSA, the MWHL and the MWPCL by failing to pay Plaintiff an overtime premium for his overtime hours and by failing to pay him anything at all for some hours of work.

## STATEMENT OF FACTS

9.      The term "*relevant period*" shall be from the first day of Plaintiff's employment through the time Defendants continued its unlawful practice of failing to pay Plaintiff an overtime premium for his overtime hours. During that period, Plaintiff was paid by the hour and his hourly rate ranged from $28 to $30 per hour.

10.     Defendants kept track of Plaintiff's time through the foremen who were present on the job sites. The foremen would then report those hours to Schmitt and Sheckells or their agents so that they could pay Plaintiff. Plaintiff would then be paid for a portion of his hours through direct deposit payments into his bank account and the remainder of his hours in cash payments. Defendants would make withholdings on the direct deposit payments but not on the cash payments.

11.     Plaintiff's work hours fluctuated. During the summer and fall, Plaintiff worked for Defendants six to seven days per week and approximately 12 to 13 hours per day without a lunch

5

break, which was approximately 72 to 74 hours per week. During the winter and early spring, Plaintiff worked 40 to 60 hours per week.

12.     Despite the fact that Plaintiff worked a substantial number of overtime hours during the vast majority of his workweeks, Defendants paid him straight time rates for all hours of work and did not pay him an overtime premium for his overtime hours. And, in some workweeks, Defendants failed to pay Plaintiff for all hours of work.

13.     East Coast's managers as well as Schmitt and Sheckells were aware that Plaintiff was working overtime hours because they approved Plaintiff's work schedule, which included work in excess of 8 hours each day and six to seven days of work per week, they were aware of time records showing that Plaintiff worked more than 40 hours each week, and they all approved payment of straight time wages to Plaintiff for all of his hours, including the overtime hours.

## COUNT I

## VIOLATIONS OF THE FLSA

14.     Plaintiff repeats and incorporates all allegations set forth above.

15.     At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

16.     At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

17.     Defendants violated the FLSA by failing to pay Plaintiff an overtime premium for his overtime hours and failing to pay Plaintiff anything at all for some of his work hours.

18.     Defendants' actions were not undertaken in good faith or with a reasonable belief that they were lawful so as to entitle Plaintiff to liquidated damages.

19.     Plaintiff is not able to calculate his damages because he is not in possession of all pertinent records.

20.     Defendants are liable to Plaintiff pursuant to the FLSA (29 U.S.C. § 216 (b)) for unpaid and illegally withheld overtime wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL

21.     Plaintiff repeats and incorporates all allegations set forth above.

22.     At all times relevant to this Complaint, Defendants were "employers" of Plaintiff within the meaning of the MWHL.

23.     At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

24.     Defendants violated the MWHL by failing to pay Plaintiff an overtime premium for his overtime hours and by failing to pay him anything at all for some of his work hours.

25.     Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

26.     Plaintiff is not able to calculate his damages because he is not in possession of all pertinent records.

27.     As a result, Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld overtime and minimum wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL

28.     Plaintiff repeats and incorporates all allegations set forth above.

29.     At all relevant times, Defendants were "employers" of Plaintiff within the meaning of the MWPCL.

30.     At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the MWPCL.

31.     Defendants knowingly, willfully, and intentionally violated Plaintiff's rights by failing to pay him an overtime premium for his overtime hours and by failing to pay him anything at all for some of his work hours.

32.      Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

33.     Plaintiff is not able to calculate his damages because he is not in possession of all pertinent records.

34.     Defendants are liable to Plaintiff pursuant to the MWPCL for the unpaid wages, an additional amount equal to double the unpaid wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant him the following relief:

a)      enter a judgment against Defendants under the FLSA, jointly and severally, and in favor of Plaintiff in the amount of his unpaid overtime premium plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216 (b);

b)      enter a judgment against Defendants under the MWHL, jointly and severally, and in favor of Plaintiff, in the amount of Plaintiff's unpaid overtime premium and his unpaid minimum wages, along with an equivalent sum as liquidated damages;

c)      enter a judgment against Defendants under the MWPCL, jointly and severally, and in favor of Plaintiff, in the amount of Plaintiff's unpaid overtime wages and unpaid minimum wages and an equivalent sum equal to two times the unpaid wages, as liquidated damages; and

d)      enter judgment for the Plaintiff and/or his counsel and against Defendants, jointly and severally, in the amount of Plaintiff's costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Counsel for Plaintiff*