IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **CLEDIN EMILSON ARREDONDO ESQUIVEL** | * | |
| *Plaintiff,* | * | |
| v. | * | **Civil Case No.:** |
| | * | **1:24-cv-00304-RDB** |
| **EAST COAST TREE CARE, INC., et al.** | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants East Coast Tree Care, Inc. ("East Coast"), Sharon Catherine Schmitt ("Ms. Schmitt"), and Michelle Marie Sheckells ("Ms. Sheckells") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint ("Complaint") filed by Plaintiff Cledin Emilson Arredondo Esquivel ("Plaintiff" or "Mr. Esquivel"), by responding to the numbered allegations in the Complaint, with the paragraph numbers below corresponding to those used in the Complaint as follows:[1]

## PARTIES AND JURSIDCTION

1. Defendants admit that Plaintiff is an adult but are without sufficient information to admit or deny whether Plaintiff is a resident of Baltimore, Maryland and, therefore, deny the same. Defendants admit the second and third sentences of Paragraph 1 of the Complaint, except deny that Plaintiff was hired in June 2021. Plaintiff was hired on July 15, 2021. The allegations in the

---

[1] The un-numbered introductory paragraph on page 1 of the Complaint purport to include statements of law and/or legal conclusions by describing the nature of the action and identifying the circumstances under which Plaintiff has brought his claims, to which no response is required. To the extent that a response is required, Defendants deny the same.

fourth sentence of Paragraph 1 purport to include statements of law and/or legal conclusions, to which no response is required. To the extent a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in the fourth sentence Paragraph 1, Defendants deny the same.

2. Defendants deny the first sentence of Paragraph 2 of the Complaint. East Coast is a Marland corporation, not a limited liability company. Defendants admit the second sentence of Paragraph 2 of the Complaint. The third sentence of Paragraph 2 purports to include statements of law and/or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 2 of the Complaint.

3. The allegations in Paragraph 3 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in Paragraph 3, Defendants deny the allegations in Paragraph 3 of the Complaint. Defendants admit that gross sales are not less than $500,000.00.

4. Defendant Ms. Schmitt denies the allegations in the first sentence of Paragraph 4 of the Complaint. Defendant Ms. Schmitt is an owner and President of East Coast. The remaining allegations purport to include statements of law and/or legal conclusions, to which no response is required. To the extent a response is required, Defendant Ms. Schmitt denies the remaining allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. Defendant Ms. Sheckells is an owner and Vice President of East Coast. To the extent that a response is required, Defendant Ms. Sheckells denies the allegations in Paragraph 5 of the Complaint.

## SUBJECT MATTER JURISDICTION

6. The allegations in Paragraph 6 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the same.

## PERSONAL JURISDICTION

7. The allegations in Paragraph 7 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, Defendants do not contest jurisdiction before this Court based on the allegations in Paragraph 7 of the Complaint. Defendants deny that they violated the FLSA, the MWHL, and the MWPCL by failing to pay Plaintiff an overtime premium for his overtime hours and failing to pay him anything at all for some hours of work, as alleged in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, Defendants do not contest jurisdiction before this Court based on the allegations in Paragraph 8 of the Complaint. Defendants deny that they violated the FLSA, the MWHL, and the MWPCL by failing to pay Plaintiff an overtime premium for his overtime hours and failing to pay him anything at all for some hours of work, as alleged in Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Defendants deny the allegations in the first sentence of Paragraph 9 of the Complaint. Defendants further aver that the "relevant period" shall be from July 15, 2021 to the date Plaintiff filed his Complaint, *i.e.*, January 30, 2024. Defendants admit the allegations in the third sentence of Paragraph 9 of the Complaint.

10. Defendants admit the allegations in the first and second sentence of Paragraph 10 of the Complaint. The allegations in the third sentence of Paragraph 10 are vague and ambiguous, and, as such, Defendants cannot admit or deny and, thus, deny the allegations in the third sentence of Paragraph 10 of the Complaint.

11. The allegations in Paragraph 11 of the Complaint are vague and ambiguous, and, as such, Defendants cannot admit or deny and, thus, deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

## **COUNT I – VIOLATION OF THE FLSA**

14. Defendants repeat and reallege their responses to Paragraphs 1 through 13 above as if fully set forth herein.

15. The allegations in Paragraph 15 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required.  To the extent that a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in Paragraph 15, Defendants deny the allegations in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required.  To the extent that a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in Paragraph 16, Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants are without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and, therefore, deny the same. Defendants further deny any wrongdoing and deny that Plaintiff is entitled to any relief in this action.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

## COUNT II – VIOLATION OF MARYLAND WAGE AND HOUR LAW (MWHL)

21. Defendants repeat and reallege their responses to Paragraphs 1 through 20 above as if fully set forth herein.

22. The allegations in Paragraph 22 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in Paragraph 22, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in Paragraph 23, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants are without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and, therefore, deny the same. Defendants further deny any wrongdoing and deny that Plaintiff is entitled to any relief in this action.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

## COUNT III – VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW (MWPCL)

28. Defendants repeat and reallege their responses to Paragraphs 1 through 27 above as if fully set forth herein.

29. The allegations in Paragraph 29 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in Paragraph 29, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 of the Complaint purport to include statements of law and/or legal conclusions, to which no response is required. To the extent that a response is required, the statute speaks for itself and, to the extent the statute or the contents of the statute are inconsistent with the allegations in Paragraph 30, Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants are without sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint and, therefore, deny the same. Defendants further deny any wrongdoing and deny that Plaintiff is entitled to any relief in this action.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

**RELIEF SOUGHT**

The final section of Plaintiff's Complaint, under the heading "REQUEST FOR RELIEF," constitutes Plaintiff's request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief in this action.

**DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED**

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to Plaintiff's Complaint, but do not assume a burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendants reserve the right to assert other affirmative or additional defenses, to delete or withdraw defenses, and to amend this Answer upon discovery of facts or evidence rendering such action appropriate. Moreover, all affirmative defenses are pled in the alternative and do not constitute an admission of liability that Plaintiff is entitled to any relief.

**First Affirmative Defense**

Plaintiff's claims are barred to the extent that they fail to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred by the doctrine of waiver.

**Third Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred by set-off.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent there is a bona fide dispute as to why any sums claimed by Plaintiff were not paid by Defendants.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants reasonably believed they were in compliance with the FLSA, the MWHL, and the MWPCL, and they acted in good faith in their efforts to comply with the FLSA, the MWHL, and the MWPCL.

### Seventh Affirmative Defense

Plaintiff's claims for damages are restricted to the extent that there are limits on damages set forth in the FLSA, the MWHL, and the MWPCL.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Ninth Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Tenth Affirmative Defense

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction for the claims under the FLSA.

WHEREFORE, Defendants request that this Court enter judgment in their favor, dismiss Plaintiff's claims with prejudice, and award Defendants all costs and expenses incurred in connection with this lawsuit as well as such other relief as the Court deems appropriate.

Dated:  March 25, 2024

Respectfully submitted,

*/s/ Jonathan P. Kagan*
Jonathan P. Kagan (D. Md. Bar No. 23181)

*/s/ Stephen B. Stern*
Stephen B. Stern (D. Md. Bar No. 25335)

*/s/ Veronica J. Mina*
Veronica J. Mina (D. Md. Bar No. 30472)

KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Telephone:   (410) 216-7900
Facsimile:    (410) 705-0836
Email:         kagan@kaganstern.com
Email:         stern@kaganstern.com
Email:         mina@kaganstern.com

*Counsel for Defendants*
*East Coast Tree Care, Inc., Sharon C. Schmitt, and Michele M. Sheckells*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March, 2024, a copy of the foregoing Defendants' Answer to Complaint was served using the CM/ECF filing system on all counsel entitled to service.

*/s/ Jonathan P. Kagan*
Jonathan P. Kagan (D. Md. Bar No. 23181)