IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLEDIN EMILSON ARREDONDO ESQUIVEL, | * |
| *Plaintiff,* | * |
| v. | Civil Action No. RDB-24-304 |
| EAST COAST TREE CARE, INC., *et al.*, | * |
| *Defendants.* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On December 2, 2024, this Court approved a settlement between Plaintiff Cledin Emilson Arredondo Esquivel ("Plaintiff" or "Esquivel") and Defendants East Coast Tree Care, Inc., et al. ("Defendants" or "East Coast Tree Care") regarding Defendants' alleged wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPL. § 3-427(d)(1)(iii) ("MWHL"). (ECF No. 23.) Pursuant to the settlement agreement, Esquivel received $38,000.00. However, the settlement agreement did not include attorney's fees and costs, which were to be negotiated separately or submitted to the Court if no agreement was reached. (ECF No 22-1.) As no agreement has been reached, Plaintiff's counsel have now filed a Motion for Award of Attorney's Fees in the amount of $37,256.50, plus $1252.12 in costs. (ECF Nos. 25, 25-1.) Indeed, Plaintiff's counsel have now increased that request as a result of continued dispute over attorney's fees. (ECF No. 29.) Defendants have responded in opposition, arguing, *inter alia*, that the rates Plaintiff has requested for his counsel, attorneys and staff at Melehy & Associates ("M&A"), are unreasonable, and that Defendants should be awarded attorney's fees and costs.

1

(ECF No. 28.)  Plaintiff has replied (ECF No. 29) and filed a supplemental authority (ECF No. 30), and Defendants have responded (ECF No. 31.)  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2025).

For the reasons that follow, this Court finds that the request of plaintiff's counsel for fees is in excess of the guidelines of the Local Rules, and is unreasonable.  Accordingly, Plaintiff shall be awarded attorney's fees in the reasonable amount of $22,330.98 and $1,252.12 in costs, and Defendants are not awarded attorney's fees or costs.

## ANALYSIS

### I. The Lodestar Award

A plaintiff who prevails in a wage and hour dispute is "entitled to recover their attorneys' fees and legal expenses" under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPL. § 3-427(d)(1)(iii) ("MWHL").  *Camara v. Black Diamond Rest. LLC*, Civ. No. AAQ-23-1782, 2024 WL 4644635, at *2 (D. Md. Oct. 31, 2024) (quoting *Velasquez Flores v. Elite Com. Cleaning, LLC*, Civ. No. AAQ-20-3600, 2024 WL 916250, at *2 (D. Md. Mar. 1, 2024)).  Both the FLSA and MWHL state that a Court "shall" award "reasonable" attorney's fees and costs.  29 U.S.C. § 216(b); MD. CODE ANN., LAB. & EMPL. § 3-427(d)(1)(iii).  This Court has explained the calculation of a reasonable fee award, known as the lodestar award, as follows:

> A court's award of reasonable attorneys' fees is the product of the reasonable hours expended multiplied by a reasonable hourly rate.  In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors elucidated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.1978): "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the

instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

*Xiao–Yue Gu v. Hughes STX Corp.,* 127 F. Supp. 2d 751, 764 (D. Md. 2001) (quoting *EEOC v. Service News Co.,* 898 F.2d 958, 965 (4th Cir. 1990) and citing, *inter alia, Hensley v. Eckerhart,* 461 U.S. 424 (1983)). The twelve-factor test is subsumed in the initial calculation of the lodestar award. *Hensley,* 461 U.S. at 434 n. 9. This Court is further guided by Appendix B of its own Local Rules, which is entitled "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." *See* Local Rules, App'x. B (D. Md. 2025). Appendix B contains specific mandatory rules regarding billing format, time recordation, and the submission of quarterly statements to opposing counsel, as well as guidelines regarding compensable and non-compensable time and hourly rates. *Id.*, App'x. B.3 (D. Md. 2025).

For the reasons that follow, the Court: finds reasonable and approves the Plaintiff's requested fees for its initial investigation, pleadings and case initiation, case management, motions, and costs; finds unreasonable and reduces Plaintiff's requested fees for interpretation, damages calculation, discovery, settlement, and fee petition; does not award Defendants attorney's fees and costs.

## II.     Plaintiff's Requested Fees are in Part Unreasonable

Here, Plaintiff makes the following requests:

| **Category** | **Requested Amount** |
|---|---|
| Initial Investigation | $1,045.50 |
| Pleadings & Case Initiation | $1,638.00 |
| Case Management | $2,732.50 |

3

| | |
|---|---|
| Interpretation | $4,104.00 |
| Damages Calculation | $1,854.00 |
| Discovery | $3,918.50 |
| Motions | $330.00 |
| Settlement | $15,517.50 |
| Fee Petition | $6,116.50 |
| Costs | $1,252.12 |
| **TOTAL** | **$38,508.62** |

Here, the parties agree that the *Johnson* factors at issue are: (1) the time and labor expended; (2) novelty and difficulty of the question; (3) the skill required to properly perform the legal services rendered; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys. *See* (ECF Nos. 25-1 at 4; 28 at 15–20).

This case, addressing a single plaintiff's claim that he was not paid overtime, is not novel and difficult. In fact, Plaintiff notes that the "retroactive removal of Plaintiff's paid lunch breaks from his wages earned . . . . was the primary impediment to the resolution of Plaintiff's damages." (ECF No. 25-1 at 19.) Other than this relatively straightforward calculation of damages, Plaintiff does not proffer how this case was novel or complex. Defendants represent that this issue was rather straightforward (ECF No. 28 at 20), and the Court agrees. Relatedly, Plaintiff's counsel concedes that much of the time and labor expended—specifically for interpretation, damages calculation, discovery, settlement, and fee petition—was that of M&A's junior attorneys and paralegals. (ECF Nos. 25-1 at 21–24; 25-3.) Defendants argue that Plaintiff's counsel was unreasonable in requesting the fees for these efforts as it: billed for redundant translation services; spent more time and effort than was reasonably required for simple damage calculations; devoted a significant amount of time

4

during discovery to topics that were unnecessary; repeated resolved issues during settlement negotiations; and devoted much of the work in its fee petition to arguing for higher-than-guideline rates. (*Id.*) The Court finds Defendants' analysis of these topics compelling, and does not find Plaintiff's counterarguments availing. *See* (ECF No. 29 at 11–14.)

Further, the rates claimed by Plaintiff's counsel are unreasonable. Plaintiff seeks reimbursement at rates outside of the advisory range set forth by this Court's Local Rules. *See* Local Rules, App'x. B (D. Md. 2025). The Local Rules establish the following "presumptively reasonable," *Ledo Pizza Sys., Inc. v. Singh*, Civ. No. WDQ-13-2365, 2014 WL 1347113, at *5 (D. Md. Apr. 3, 2025), hourly fee ranges:

   a. Lawyers admitted to the bar for less than five (5) years: $150-225.

   b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.

   c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.

   d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.

   e. Lawyers admitted to the bar for twenty (20) or more: $300-445.

   f. Paralegals and law clerks: $95-150.

Local Rules, App'x. B.3 (D. Md. 2025).

As detailed in Plaintiff's filing, three attorneys, four paralegals, a law clerk, and other staff—a total of nine individuals—worked on Plaintiff's matter. (ECF No. 25-1 at 5–8, 10); *see also* (ECF No. 25-3.) Plaintiff notes that attorney Omar Melehy has been practicing for more than thirty-five years; attorney Suvita Melehy for twenty-eight years; and attorney Alexander Todorov for less than five years (ECF No. 25-1 at 5–6, 10). Plaintiff asks this Court to award fees at the following rates: $675 for Mr. Melehy; $625 for Ms. Melehy; $300 for Mr.

Todorov and the law clerk; and $240 for the four paralegals. (*Id.*) In opposition, Defendants correctly note that these amounts significantly exceed the guidelines set forth in Appendix B. (ECF No. 28 at 18.) While the Local Rules "do not impose a cap on the hourly rates" this Court may award, *De Simone v. VSL Pharm., Inc.*, Civ. No. TDC-15-1356, 2018 WL 6680922, at \*4 (D. Md. Dec. 19, 2018), this Court is not satisfied that the requested rates are reasonable here. This is particularly the case for the higher-than-guidelines rates for the work performed largely by M&A's junior attorneys, law clerks, and paralegals for interpretation, damages calculation, discovery, settlement and fee petition. *See* (ECF Nos. 25-1 at 21–24; 25-3.) Contrary to the suggestion of Plaintiff's counsel, the fact that this case was taken on a contingency basis (ECF No. 25-1 at 12–13) does warrant the above guidelines attorney's fees requested.

As previously discussed, attorneys Omar and Suvita Melehy have decades of experience in the state of Maryland, and recovered a notable sum for Plaintiff. Indeed, in its research, this Court found numerous opinions from judges in this District reflecting Melehy & Associate's ability to recover unpaid overtime for their clients. *See, e.g., Guillen v. Armoureas Home Improvement, Inc.*, Civ. No. DLB-19-2317, 2024 WL 1346838 (D. Md. March 29, 2024). Notably many of these same opinions dealt with issues similar to those addressed in this motion: disputes over requested attorneys fees. *See, e.g., Camara v. Black Diamond Rest. LLC*, Civ. No. AAQ-23-1782, 2024 WL 4644635 (D. Md. Oct. 31, 2024).

For these forgoing reasons, the attorney's fees requested by Plaintiff's counsel are unreasonable under the *Johnson* factors. As judges in this district have repeatedly emphasized, the scope of the Court's ruling here is limited in scope to the circumstances of this dispute.

6

*See Camara*, 2024 WL 4644635, at *6; *Ramnarine v. Rainbow Child Development Center, Inc.*, Civ. No. PWG-17-2261, 2022 WL 16709764, at *7 (D. Md. Nov. 4, 2022). Accordingly, this Court will now calculate reasonable attorney's fees.

### III. Reasonable Attorney's Fees for Plaintiff

In determining the reasonable amount of attorney's fees, judges in this District have taken varying approaches. For example, in *Camara v. Black Diamond Rest. LLC*, where the attorneys' billing was straightforward, Magistrate Judge Quereshi of this Court reduced the requested attorney's fees by applying a lower reasonable rate to the number of hours worked. *Id.*, at *10. Conversely, in *Guillen v. Armour Home Improvement, Inc.*, Judge Boardman applied "an across-the-board reduction . . . of 10 percent" to the requested attorney's fees, as "a line-by-line approach would be impractical and exceedingly time-consuming because the billing records contain hundreds of entries spanning nearly 50 pages." *Id.*, at *4. Here, Plaintiff's billing is similarly complex, as it would require recalculating varying rates for nine different individuals across hundreds of entries. *See* (Plaintiff's Record of Hours, ECF No. 25-3.) However, in as previously discussed, Plaintiff's counsel has repeatedly noted that much of the time and labor it expended, specifically during damages calculation, discovery, and settlement was performed primarily by M&A's junior attorneys. *See* (ECF Nos. 25-1 at 5–6, 10, 21–24; 25-3.) Accordingly, the Court will reduce the amounts requested in those categories to a reasonable amount, specifically:[1]

| Category | Requested Amount | Reasonable Amount |
|---|---|---|
| Initial Investigation | $1,045.50 | $1,045.50 |
| Pleadings & Case Initiation | $1,638.00 | $1,638.00 |
| Case Management | $2,732.50 | $2732.50 |

---

[1] Only categories marked with "*" have been reduced.

7

| | | |
|---|---|---|
| Interpretation* | $4,104.00 | $2,052.00 |
| Damages Calculation* | $1,854.00 | $1000.00 |
| Discovery* | $3,918.50 | $1000.00 |
| Motions | $330.00 | $330.00 |
| Settlement* | $15,517.50 | $10,086.38 |
| Fee Petition* | $6,116.50 | $2,446.60 |
| Costs | $1,252.12 | $1,252.12 |
| **TOTAL** | **$38,508.62** | **$23,583.10** |

IV.   **Defendants Attorney's Fees and Costs**

In addition to arguing that Plaintiff's fees are unreasonable, Defendants argue that they should be awarded fees and costs. Specifically, Defendants argue that Plaintiff filed its Motion for Fees (ECF No. 25) in bad faith. (ECF No. 28 at 33–34.) It is clear to this Court from a review of the pleadings that the only impediment to settlement of this very simple lawsuit was the issue of Plaintiff's counsel conforming to the lodestar figures of the Local Rules. The facts of this case do not fall within the ambit of bad faith. Accordingly, this Court will not award the Defendant's their requested fees and costs.

## CONCLUSION

For the reasons stated above, this Court awards Plaintiff the reasonable amount of $22,330.98 in attorney's fees and $1,252.12 in costs and expenses and does not award Defendants attorney's fees.

A separate Order follows.

Dated: July 29, 2025

/s/
_____
Richard D. Bennett
United States Senior District Judge

8