# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLEDIN EMILSON ARREDONDO ESQUIVEL, | * |
| | * |
| *Plaintiff,* | * |
| | * |
| v. | Civil No. RDB-24-304 |
| | * |
| EAST COAST TREE CARE, INC., SHARON CATHERINE SCHMITT, and MICHELLE MARIE SHECKELLS, | * |
| | * |
| *Defendants.* | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

The Court approved a settlement agreement in this wage-and-hour suit on December 2, 2024. (ECF No. 23.) The agreement stipulated to the award of $38,000.00 to Plaintiff Cledin Emilson Arredondo Esquivel ("Esquivel"), but left the matter of attorneys' fees and costs for the parties to negotiate on their own. (ECF No. 22 at 1.) When they could not settle that question, Esquivel filed a Motion to Award Attorneys' Fees, seeking fees in the amount of $37,256.50, plus $1,252.12 in costs. (ECF No. 25 at 1.) On July 29, 2025, the Court issued a Memorandum Opinion and Order granting his motion. (ECF No. 32.) The Court did not, however, award Esquivel the entire amount of fees sought. (*Id.*) Instead, after considering multiple factors from the twelve-step analysis in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),[1] as adopted by the United States Court of Appeals for the Fourth Circuit

---

[1] The twelve factors set out in *Johnson* are: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation;

in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), the Court determined that the proper award of attorneys' fees was $22,330.98 plus $1,252.12 in costs. (*Id.*) In reaching that decision, the Court found "presumptively reasonable" the then-exisiting fee matrix of the Local Rules of this District. (*Id.*)

Less than one month later, on August 22, 2025, Esquivel filed the pending Motion for Reconsideration of the Court's Award of Attorneys' Fees and Costs pursuant to Federal Rule of Civil Procedure 59(e). *See* (ECF No. 34). Specifically, he asks the Court to reconsider its award of attorneys' fees and costs based on his assertion that the Court made a clear error of law in finding the District of Maryland's fee matrix "presumptively reasonable." (*Id.*) He asks the Court to recalculate a proper rate for fees and then to recalculate his award of attorneys' fees. The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the Motion for Reconsideration of the Court's Award of Attorneys' Fees and Costs (ECF No. 34) is GRANTED. The Court amends its award of attorneys' fees from $22,330.98 to $25,192.30, and amends its award of court costs from $1,252.12 to $1,126.90.

## BACKGROUND

On January 30, 2024, Plaintiff Cledin Emilson Arredondo Esquivel filed this three-count lawsuit against his employers, East Coast Tree Care, Incorporated, Sharon Catherine

---

(5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *See Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001) (quoting *EEOC v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990)).

Schmitt, and Michele Marie Sheckells, claiming that they failed to pay him overtime in violation of § 216(b) of the Fair Labor Standards Act of 1938, 28 U.S.C. §§ 201–219, and § 3-427(d)(1)(iii) of the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq. See generally* (ECF No. 1). On October 30, 2024, the parties filed a joint motion for judicial approval of a settlement agreement (ECF No. 22), which this Court granted on December 2, 2024. (ECF No. 23.) The parties settled on damages to Plaintiff of $38,000.00. (ECF No. 22 at 1.) They had not settled on attorneys' fees and costs, but advised the Court that they would do so on their own. (*Id.*)

On January 23, 2025, after the parties were unable to reach an agreement on fees and costs, Esquivel moved this Court to grant him an award of attorneys' fees in the amount of $37,256.50, plus $1,252.12 in costs. (ECF No. 25-1 at 1.) Specifically, Esquivel sought the following:[2]

| **Category** | **Requested Award** |
|---|---|
| Initial Investigation | $1,045.50 |
| Pleadings & Case Initiation | $1,638.00 |
| Case Management | $2,732.50 |
| Interpretation & Translation | $4,104.00 |
| Damages Calculation | $1,854.00 |
| Discovery | $3,918.50 |
| Motions | $330.00 |
| Settlement | $15,517.50 |
| Fee Petition | $6,116.50 |
| Costs | $1,252.12 |
| **TOTAL AWARD SOUGHT** | **$38,508.62** |

(*Id.* at 14–26.)

---

[2] The Court lists the categories as Esquivel provided them. (ECF No. 25-1 at 14–26.)

Defendants opposed the Motion. (ECF No. 28.) They argued that the simplicity of this litigation, including the straightforward calculation of damages, meant that Esquivel's requested attorneys' fees were too high. (*Id.*) They also argued that Esquivel's attorneys had overbilled, had an inappropriately high number of timekeepers, and repeatedly billed for non-compensable clerical tasks. (*Id.*) They also sought attorneys' fees for themselves. (*Id.*)

On July 29, 2025, the Court issued a Memorandum Opinion and Order. (ECF Nos. 32, 33.) After engaging in the factor-analysis from *Johnson*, the Court awarded Esquivel attorneys' fees in the amount of $22,330.98 plus costs in the amount of $1,252.12. (*Id.*) In reaching those numbers, the Court left the following requested fees and costs categories in place as requested by Esquivel:

| Category | Requested Award | Award Granted (ECF No. 32) |
|---|---|---|
| Initial Investigation | $1,045.50 | $1,045.50 |
| Pleadings & Case Initiation | $1,638.00 | $1,638.00 |
| Case Management | $2,732.50 | $2,732.50 |
| Motions | $330.00 | $330.00 |
| Costs | $1,252.12 | $1,252.12 |
| | **$6,998.12** | **$6,998.12** |

(*Id.*) The Court reduced the remaining categories of fees (specifically Interpretation & Translation, Damages Calculation, Discovery, Settlement, and Fee Petition) as follows:

| Category | Requested Award | Award Granted (ECF No. 32) |
|---|---|---|
| Interpretation & Translation | $4,104.00 | $2,052.00 |
| Damages Calculation | $1,854.00 | $1,000.00 |
| Discovery | $3,918.50 | $1,000.00 |
| Settlement | $15,517.50 | $10,086.38 |
| Fee Petition | $6,116.50 | $2,446.60 |
| **AWARD SOUGHT** | **$31,510.50** | **$16,584.98** |

(*Id.*) In making these reductions, the Court considered many of the *Johnson* factors. Specifically, the Court determined that Esquivel was not entitled to the full fee amount requested because the issues presented in this case were neither novel nor complex. Instead, the Court noted that this case involved "a single plaintiff's claim that he was not paid overtime." (*Id.* at 4.) The Court identified other cases in this District in which Esquivel's counsel has litigated attorneys' fees stemming from very similar Fair Labor Standards Act and Maryland Wage and Hour Law claims. The Court also noted that most of the work in this case was done by Plaintiff's counsel's junior attorneys and paralegals. Finally, the Court determined that the requested fee rates were unreasonable. The Court relied on the fee-range matrix then-applicable in this District's Local Rules, calling it "presumptively reasonable." (*Id.* at 5 (quoting *Ledo Pizza Sys., Inc. v. Singh*, No. WDG-13-2365, 2).) The fee ranges in that matrix were lower than Plaintiff's counsels' requested hourly rates. (*Id.* at 5–6.) In sum, the Court awarded Esquivel attorneys' fees in the amount of $22,330.98 and costs of $1,252.12. (*Id.* at 8.)

Less than one month later, on August 22, 2025, Esquivel filed the pending Motion for Reconsideration of Award of Attorneys' Fees and Costs. (ECF No. 34.) Esquivel's Motion makes one argument: he claims that the Court committed a clear error of law in finding the District of Maryland's then-existing fee matrix to have been "presumptively reasonable." His argument relies on the April 15, 2025, decision of the United States Court of Appeals for the Fourth Circuit, *De Paredes v. Zen Nails Studio LLC*, 134 F.4th 750, 754 (4th Cir. 2025), which ruled that "a district court, when discharging its 'duty' to 'calculat[e] reasonable attorney's fees," cannot "treat a matrix as 'presumptively reasonable' and require special justification to

deviate from it—even when that matrix is contained in the district court's local rules."[3] *Id.* (citing *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1153, 1159–60 (9th Cir. 2018)).

Of note, after the Fourth Circuit issued its decision in *De Paredes*, the District of Maryland rescinded from its Local Rules the fee matrix upon which this Court relied to issue its fee award in this case. The Local Rules of this Court now state that reasonable hourly rates should be determined by considering all evidence before the Court and that a new matrix, the Fitzpatrick Matrix, may be a "useful guideline." *See* Loc. R. App'x B.3 (D. Md. 2025); *see The Fitzpatrick Matrix*, https://www.mdd.uscourts.gov/sites/mdd/files/fitzpatrick-matrix.pdf (last visited Mar. 5, 2026). The Local Rules further states that a reduction of five percent to twenty percent from the fee rates listed in the Fitzpatrick Matrix could be appropriate to reflect the different legal markets of Washington, D.C. and Maryland. *See* Loc. R. App'x B.3.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) allows a party to petition a district court to alter or amend a final judgment. Though motions for reconsideration are not expressly permitted in the text of Rule 59(e), the United States Court of Appeals for the Fourth Circuit has recognized three narrow circumstances in which such motions may arise: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). A party may not use a Rule 59(e) motion to re-litigate the same issues previously raised and rejected. *Hammons v. Univ. of*

---

[3] The Court notes that Esquivel's attorneys were also the attorneys for the successful appellants in *De Paredes*.

*Md. Med. Sys. Corp.*, 2021 WL 4951921, at *1 (Oct. 25, 2021) (citing *In re Sinclair Broadcast Grp., Inc. Sec. Litig.*, 473 F. Supp. 3d 529, 535 (D. Md. 2020)).  Instead, the decision of the district court must have been "dead wrong." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 258 (4th Cir. 2018).

A district court has great latitude in decisions regarding the award, denial, or alteration of attorneys' fees and costs. *De Paredes v. Zen Nails Studio LLC*, 134 F.4th 750, 753 (4th Cir. 2025) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("One can 'hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it' than reviewing a district court's fee award.")). This discretion reflects the fact that "the district court . . . 'has close and intimate knowledge of the efforts expended and the value of the services rendered.'" *Id.* (quoting *Haywood v. Am. Airlines, Inc.*, 37 F.4th 954, 960 (4th Cir. 2022)). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 59(e), Esquivel moves this Court to reconsider its July 29, 2025, Memorandum Opinion and Order awarding him attorneys' fees in the amount of $22,330.98 and costs of $1,252.12. (ECF No. 34.) His sole argument for reconsideration of the fee award is that this Court made a clear error of law when it found that the District of Maryland's then-applicable fee-range matrix was "presumptively reasonable," because the United States Court of Appeals for the Fourth Circuit previously ruled that district courts may not do so. (*Id.* at 1–2.)

## I.    Reconsideration for Clear Error of Law

On April 15, 2025, the United States Court of Appeals for the Fourth Circuit issued its decision in *De Paredes v. Zen Nails Studio LLC*, 134 F.4th 750, 754 (4th Cir. 2025). There, as noted above, the Fourth Circuit ruled that district courts may not find a fee matrix to be "presumptively reasonable." *Id.* In its Memorandum Opinion and Order of July 29, 2025, this Court based its conclusion as to the fee award on its conclusion that the then-applicable fee matrix located in an appendix to the Local Rules of this District was "presumptively reasonable." (ECF No. 32 at 5 (internal citation omitted).) The Court acknowledges that this was error under *De Paredes*. Therefore, the Court will reconsider its fee award calculation.

## II.    Recalculation of Attorneys' Fees and Costs

### a.  *Legal Standard*

A prevailing plaintiff in a wage-and-hour claim under the Fair Labor Standards Act of 1938 is entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). The same is true for claims pursuant to the Maryland Wage and Hours law. Md. Code Ann., Lab. & Empl. § 3-427(d)(1)(iii). While the payment of these fees by defendants is "mandatory," the amount of the award "is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (citing 29 U.S.C. § 216(b); *Bluefield Gas Co.*, 210 F.2d 620, 622 (4th Cir. 1954)).

To calculate attorneys' fees, the Court calculates the "lodestar" amount, which is "the reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2013). In assessing reasonableness of both hours and the

proposed hourly rate, the Court considers the twelve factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See Grissom*, 549 F.3d at 320–21 (setting out this hybrid analysis); *see also Ramos v. Digit. Prosthodontics, LLC*, No. CDA-25-2052, 2025 WL 3523116, at *4 (D. Md. Dec. 8, 2025) (applying this hybrid analysis); *Acker v. Craig Testing Labs. of Md.*, No. AAQ-24-1945, 2025 WL 254800, at *4 (D. Md. Jan. 21, 2025) (same); *Guillen v. Armour Home Improvement, Inc.*, No. DLB-19-2317, 2024 WL 1346838, at *1–2 (D. Md. Mar. 29, 2024) (same); *Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 763–64 (D. Md. 2001) (internal citations omitted) (same).[4] In determining whether an hourly rate is reasonable, the Court may look to, but not find presumptively reasonable, a fee matrix set out in its Local Rules. *De Paredes*, 134 F.4th at 753–54. Further, the Court must consider all relevant evidence, including but not limited to its own

---

[4] This fee calculation process is three steps in many cases. *See McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The steps are to, first, calculate the lodestar, including considering the *Johnson* factors; second, to subtract fees for hours spent on *unsuccessful* claims; and, third, to award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. *Grissom*, 549 F.3d at 320–21 (quotation omitted). The Court need not undertake the second step, as there were no unsuccessful claims in this case. Indeed, Esquivel settled all his claims.

personal knowledge and fee awards in similar cases. *Id.* After determining the lodestar amount, the Court retains broad discretion to adjust the award upward or downward. *Hensley*, 461 U.S. at 434; *Grissom*, 549 F.3d at 320–21 (quotation omitted). The Court reiterates that its role in awarding fees is to do "rough justice." *Fox*, 563 U.S. at 838. District courts "need not, and indeed should not, become green-eyeshade accountants." *Id.* Instead, they can "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorneys' time." *Id.*

### b. *The Reasonable Lodestar Amount in This Case*

As set out above, Esquivel made the following requests for attorneys' fees and costs:

| Category | Requested Award |
|---|---|
| Initial Investigation | $1,045.50 |
| Pleadings & Case Initiation | $1,638.00 |
| Case Management | $2,732.50 |
| Interpretation & Translation | $4,104.00 |
| Damages Calculation | $1,854.00 |
| Discovery | $3,918.50 |
| Motions | $330.00 |
| Settlement | $15,517.50 |
| Fee Petition | $6,116.50 |
| Costs | $1,252.12 |
| **TOTAL AWARD SOUGHT** | **$38,508.62** |

(ECF No. 25-1 at 14–26.)

Just as it did in its previous decision, and for the same reasons, *see* (ECF No. 32), the Court finds reasonable the following categories of fees and costs as requested by Esquivel:

| Category | Requested Award | Reasonable Amount |
|---|---|---|
| Initial Investigation | $1,045.50 | $1,045.50 |
| Pleadings & Case Initiation | $1,638.00 | $1,638.00 |
| Case Management | $2,732.50 | $2,732.50 |
| Motions | $330.00 | $330.00 |
| Costs | $1,252.12 | $1,252.12 |

| TOTAL | $6,998.12 | $6,998.12 |
|---|---|---|

The Court applies those amounts to its determination of the overall lodestar amount below. As explained further herein, for the remaining categories—specifically, Interpretation & Translation, Damages Calculation, Discovery, Settlement, and Fee Petition— the Court reduces the requested award to a reasonable amount for the purposes of determining the lodestar.As an initial matter, the parties agreed in their briefing on Esquivel's original motion for attorneys' fees (ECF No. 25) that the *Johnson* factors at issue here are: (1) the time and labor expended; (2) novelty and difficulty of the question; (3) the skill required to properly perform the legal services rendered; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys. *See* (ECF Nos. 25-1 at 4; 28 at 15–20). The Court finds that the twelfth *Johnson* factor is also relevant: the attorneys' fees awarded in similar cases. *See Grissom*, 549 F.3d at 320–21.

### i.   Reasonable Hourly Rate

To determine the proper lodestar amount, the Court first considers the reasonable hourly rate. In making this determination, the Court pays special attention to the fifth, ninth, and twelfth *Johnson* factors. Esquivel's attorneys seek the following hourly rates: $675 per hour for Mr. Melehy; $625 per hour for Ms. Melehy; $300 per hour for Mr. Todorov and the law clerk; and $240 per hour for the four paralegals. At the time Esquivel filed the Motion to Award Fees (ECF No. 25), Mr. Melehy had been practicing for more than thirty-five years; Ms. Melehy for close to thirty; and Mr. Todorov for fewer than five years. (ECF No. 32 at 5.) These hourly rates are consistent with rates recently found reasonable by other judges of this

Court in cases brought by the same attorneys. *See, e.g.*, *Ramos*, 2025 WL 3523116, at *5; *Acker*, 2025 WL 254800, at *4; *Camara v. Black Diamond Rest. LLC*, No. AAQ-23-1782, 2024 WL 4644635, at *3 (D. Md. Oct. 31, 2024). These requested rates are also consistent with the District of Maryland's Local Rules' current guidelines. *See* Loc. R. App'x B.3 (D. Md. 2025). The Local Rules of this Court explain that "[a] useful guideline for hourly rates may be provided by the Fitxpatrick Matrick . . . with a reduction of 5% to 20% (to reflect differences between the legal markets in Washington, D.C. and Maryland). *Id.* The Fitxpatrick Matrix sets out the following hourly rates (for 2025): $933 per hour for attorneys with more than thirty-five years in practice; $910–$919 per hour for attorneys with between twenty-eight and thirty years in practice; $639 per hour for attorneys with five years of practice; and $255 per hour for paralegals and law clerks. *The Fitzpatrick Matrix*, https://www.mdd.uscourts.gov/sites/mdd/files/fitzpatrick-matrix.pdf (last visited Mar. 5, 2026). Even with a twenty percent discount suggested by this Court's Local Rules, the requested hourly rates of Esquivel's counsel are not unreasonable in comparison with the Fitzpatrick matrix. In sum, the Court finds that the requested rates are reasonable and uses them to calculate the lodestar award.

## ii. Hours Reasonably Expended

The second step of finding the lodestar amount is calculating the hours reasonably expended. Here, the Court looks to the first, second, third, sixth, eighth, and twelfth *Johnson* factors. Although those factors are different, they all focus on certain core questions relating to: the complexity of the matter; the skill required to litigate it effectively; the result achieved versus the result hoped for; and, ultimately, attorneys' fees in similar cases. When determining

the reasonable number of hours expended, district courts need not engage in granular analysis of billing sheets and may, instead, make "across-the-board reduction[s]." *Guillen*, 2024 WL 1346838, at *4. Courts do not need to act as forensic accountants. *Fox*, 563 U.S. at 838. To the contrary, the Supreme Court encourages them to "take into account their overall sense of a suit." *Id.*

As the Court previously noted in its Memorandum Opinion awarding fees (ECF No. 32), the simple fact of the matter is that this was not a complex case. It was a very simple one. It involved only one plaintiff and one factual claim: that Defendants failed to pay Plaintiff for overtime. It is undisputed that no formal discovery ever took place and that the parties began settlement negotiations shortly after the Complaint (ECF No. 1) was filed. *See* (ECF No. 28 at 19, 30). This case had zero novelty or complexity about it, particularly for Esquivel's attorneys. A simple search of a case law database reveals that these attorneys are very accomplished at litigating the exact type of Fair Labor Standards Act and Maryland Wage and Hour Law claims that Esquivel brought—they have litigated dozens of them successfully over the past many years.[5] The fact that these attorneys are so experienced in litigating these types of claims makes this case all the more simple. In contrast, the Court notes that a very recent case brought by Esquivel's attorneys, *Guillen v. Armour Home Improvement, Inc.*, required a four-day bench trial

---

[5] The following are just a small sample of FLSA and MWHL cases litigated by Esquivel's attorneys in the District of Maryland: *Guillen v. Armour Home Improvement*, No DLB-19-2317, 2024 WL 1346838, at *1 (D. Md. Mar. 29, 2024) (FLSA and MWHL); *Ramos*, 2025 WL 3523116, at *1 (same); *Guzman v. KP Stoneymill, Inc.*, No. PX-20-2410, 2025 WL 756645, at *1 (D. Md. Mar. 11, 2025) (same); *Zuniga v. Chino Mkt., LLC*, No. AAQ-24-2063, 2025 WL 241000, at *1 (D. Md. Jan. 17, 2025) (same).

and, apparently, involved significant legal question as to whether one of the defendants qualified as the plaintiff's employer. *Guillen*, 2024 WL 1346838, at *1.

These same considerations apply to the *Johnson* factors' concern with the skill needed to litigate a case. This case required no special skill when compared to other FLSA litigation, particularly considering that the parties entered settlement negotiations shortly after the lawsuit was filed. *See* (ECF No. 28 at 30).  The amounts Esquivel sought in his original fee petition (ECF No. 25) indicate as much: he requested relatively low amounts of fees for investigating and initiating the case and for managing it ($1,045.50 and $2,732.50, respectively). These categories would likely have been higher in a more complex matter involving more plaintiffs or more claims, or both. On the other end of the fee requests, Esquivel sought $15,517.50 and $6,116.50 for settlement negotiations and the fee petition, respectively. Of the total award sought of $38,508.62, inclusive of costs, almost sixty percent of that amount— $21,634.00—came from the fees requested for settlement and the fee petition. In other words, this case took very little time and effort for Esquivel's attorneys to begin, but took, apparently, lots of time and effort to conclude.

To that end, Defense counsel argued that the effort required to settle this case, and the fees corresponding to the fee petition, had nothing to do with the complexity of the case or the skills required to litigate it. (ECF No. 28.) Rather, Defendants argued that Esquivel's overbilled on many aspects of this case. (*Id.* at 18–33.) They asserted that that such a simple case did not merit nine timekeepers and that having so many was inappropriate. (*Id.* at 21–22.) Additionally, they claimed that Plaintiff's counsel billed for redundant translation services; spent more time than reasonable for simple damage calculations; devoted a significant amount

14

of time during discovery to unnecessary topics; repeated, during settlement negotiations, issues that had already been resolved; and devoted much of the work in the fee petition itself (ECF No. 25) to arguing for its requested rates, rather than justifying the number of hours worked. (ECF No. 28 at 19–33.) They asserted that, on at least nine different occasions, Esquivel's attorneys billed for non-compensable clerical work. (*Id.* at 19 n.12.) As regards translation services, Defendants provided "non-exhaustive" examples of alleged overbilling. (*Id.* at 27–28.) Just one of those examples is that Plaintiff's counsel apparently had two paralegals translate the *same* communications between Esquivel and two different attorneys. (*Id.* at 28.) Esquivel's counsel billed for both sets of translations, despite the redundancy. (*Id.*) Separately, Defense counsel alleged that Esquivel's attorneys overbilled on discovery because no formal discovery took place in this case. (*Id.* at 30.) Instead, the parties informally exchanged limited numbers of documents. (*Id.*)

Having considered the arguments of both parties as to the amount of hours expended by Esquivel's attorneys in the categories of Interpretation & Translation, Damages Calculation, Discovery, Settlement, and Fee Petition, the Court concludes that Esquivel billed more than a reasonable amount of hours on these categories. Without providing a granular accounting, which is not necessary, the Court notes that Esquivel's attorneys appear to have significantly overbilled for Interpretation & Translation, Damages Calculation, Discovery, and Settlement. As relates to Damages Calculation, Discovery, and Settlement, the simple fact of the matter is that this was, as the Court has already noted multiple times, not a complex matter. Discovery was quick and informal. Calculating damages, despite Esquivel's counsel's attempt to argue otherwise, was quite straightforward. Further, as pertains to Settlement, it was not reasonable

for Esquivel's attorneys to bill eighteen hours of preparation (exclusive of the billing for translation services done during the mediation preparation) for a four-and-a-half hour mediation. (ECF No. 28 at 29.) Of particular note, Defense counsel asserts that the mediation would not have occurred but for Esquivel's attorneys' "devot[ion] of 2.5 hours in its damages calculations to [a] non-issue." Finally, with respect to Settlement and the Fee Petition, the Court notes, as it did in its previous decision (ECF No. 32), that most all the work here was done by junior attorneys of Plaintiff's firm.

As such, the Court reduces the hours requested for these categories as follows: for Interpretation & Translation, Damages Calculation, and Discovery, the Court finds that half as many hours would have been reasonable. For Settlement and Fee Petititon, the Court cuts those hours by twenty percent. As such, the reasonable amount for these categories would be as follows:

| Category | Requested Amount | Reasonable Amount |
|---|---|---|
| Interpretation & Translation | $4,104.00 | $2,052.00 |
| Damages Calculation | $1,854.00 | $927.00 |
| Discovery | $3,918.50 | $1,959.25 |
| Settlement | $15,517.50 | $12,414.00 |
| Fee Petititon | $6,116.50 | $4,893.20 |
| **TOTAL** | **$31,510.50** | **$22,245.45** |

Having made these determinations, the Court determines the lodestar amount in this case as $29.243.57, inclusive of costs. The full breakdown by category is:

| Category | Requested Award | Lodestar Amount |
|---|---|---|
| Initial Investigation | $1,045.50 | $1,045.50 |
| Pleadings & Case Initiation | $1,638.00 | $1,638.00 |
| Case Management | $2,732.50 | $2,732.50 |
| Interpretation & Translation | $4,104.00 | $2,052.00 |
| Damages Calculation | $1,854.00 | $927.00 |
| Discovery | $3,918.50 | $1,959.25 |

| | | |
|---|---|---|
| Motions | $330.00 | $330.00 |
| Settlement | $15,517.50 | $12,414.00 |
| Fee Petition | $6,116.50 | $4,893.20 |
| Costs | $1,252.12 | $1,252.12 |
| **TOTAL** | **$38,508.62** | **$29,243.57** |

### iii.  Further Reduction from the Lodestar

Once a district court determines the lodestar amount in a case, it may alter that amount upward or downward as it sees fit, *Hensley*, 461 U.S. at 434, for the purpose of providing "rough justice" between the parties. *Fox*, 563 U.S. at 838. The Court therefore notes, unrelated to any specific billing category, the recent decision of Judge Boardman of this Court in *Guillen v. Armour Home Improvement LLC*, 2024 WL 1346838, at *17. Judge Boardman found that Esquivel's attorneys were "[r]epeat offenders" who had exercised "poor billing judgment" in numerous cases. *Guillen*, 2024 WL 1346838, at *17. She pointed to many other decisions, including those from the United States District Court for the District of Columbia, in which district courts had "denounced the firm for exploiting the fee petition process to turn 'run-of-the-mill wage dispute[s]' into 'windfall[s]—not for plaintiff, but for plaintiff's counsel.'" *Id.* (quoting *Munoz v. Telligent Masonry LLC*, No. 21-2780, 2024 WL 6389129, at *1 (D.D.C. Oct. 2, 2023), and collecting other cases from the year prior to the *Guillen* decision in which Esquivel's attorneys were denounced)). Numerous courts, including *Guillen*, found that Esquivel's attorneys had billed "'excessive time on straightforward tasks,'" and "'overstaffed,' 'employ[ing] a small army of timekeepers, 'several of whom often billed simultaneously.'" *Id.* (internal citations omitted). Judge Boardman also found that Esquivel's attorneys had improperly billed its clients for clerical work. *Id.* at *12 (internal citations omitted).

17

To be clear, the fees requested in this case are quite unlike those requested in *Guillen* (in which Plaintiff's counsel sought nearly $235,000 in attorneys' fees plus roughly $30,000 in costs). The Court does not find that Esquivel's attorneys filed their fee petition in bad faith. Nevertheless, the Court bears in mind Judge Boardman's decision as well as the decisions of other district courts that called into question the billing practices of Esquivel's attorneys in nearly identical lawsuits. Those well-reasoned opinions corroborate many of the claims that Defense counsel made in its opposition to the fee petition (ECF No. 28). And they color this Court's "overall sense of the suit." *Fox*, 563 U.S. at 838.

Given these considerations, coupled with this Court's specific findings as to the *Johnson*-factors of simplicity and lack of novelty in this case, the Court further reduces the fee award in this case by ten percent from the lodestar. As such, the Court awards $25,192.30 in attorneys' fees and $1,126.90 in costs, as set forth in full below:

| **Category** | **Lodestar Amount** | **Reasonable Amount** |
|---|---|---|
| Initial Investigation | $1,045.50 | $940.45 |
| Pleadings & Case Initiation | $1,638.00 | $1,474.20 |
| Case Management | $2,732.50 | $2,459.25 |
| Interpretation & Translation | $2,052.00 | $1,847.25 |
| Damages Calculation | $927.00 | $834.30 |
| Discovery | $1,959.25 | $1,763.35 |
| Motions | $330.00 | $297.00 |
| Settlement | $12,414.00 | $11,172.60 |
| Fee Petition | $4,893.20 | $4,403.90 |
| Costs | $1,252.12 | $1,126.90 |
| **TOTAL** | **$29,243.57** | **$26,319.20** |

**CONCLUSION**

For the reasons stated above, Esquivel's Motion for Reconsideration of the Court's Award of Attorneys' Fees and Costs (ECF No. 34) is GRANTED. The Court awards reasonable attorneys' fees in the amount of $25,192.30 and costs of $1,126.90.

A separate Order follows.

Date: March 9, 2026

                                       /s/
                                         Richard D. Bennett
                                         United States Senior District Judge